JAMES BINNS

*v.*

SAMUEL C. MOUNT.

Under the circumstances of the case a non-resident vendee of lands
filing a bill for specific performance of the agreement to convey the
lands to him, was required to pay into court the consideration that
was to have been paid at the time of the execution of the deed, though
he was not in possession.

Bill for specific performance. Motion that complainant
pay into court so much of purchase money as by the contract
is payable in cash on the delivery of the deed.

*Mr. T. N. McCarter*, for the motion.

*Mr. C. E. Scofield, contra.*

THE CHANCELLOR.

The bill prays a decree that the defendant specifically
perform his written contract with the complainant, for the
sale and conveyance by the former to the latter of certain
land in Hudson county. It states that the complainant
holds, ready to be paid over to the defendant on his con-
veying the premises according to the contract, the money
which by it is payable on the delivery of the deed, and that

he has held that money in his hands unproductive since the first day of July, 1876, the time fixed in the agreement for the delivery of the deed. The complainant, by the bill, also offers to take such title as the defendant has for the property, even if it be not complete, with pecuniary compensation to be ascertained by this court for any defect therein. The defendant, by his answer, alleges that he was able and ready, at the time and place fixed in the agreement, to convey the property by good marketable title to the complainant according to the terms of the contract, and then and there tendered a proper conveyance to him therefor accordingly, but that the complainant refused to accept it. He, by his answer, also alleges that his title is good, and says that he is still ready to perform the agreement on his part, and tenders in court, for acceptance by the complainant, the deed stipulated for in the agreement. He now asks that the complainant shall be required to pay into court the money which, as before stated, the latter says in his bill he has held unproductive since the first day of July, 1876, in order that he might pay it to the defendant on the latter's complying with the agreement, and which he says he still holds for the same purpose. The complainant is not, and was not when the bill was filed, a resident of this state. The considerations which induce the court to require a complainant who is resident abroad to give security for costs, are applicable to the decision of this application. It is an ancient and well established rule that if the complainant is resident abroad, this court will, on application of the defendant, order him to give security for costs, and in the meantime all proceedings will be stayed. 1 *Dan. Ch. Pr.* (4 *Am. ed.*) 33. *Newman* v. *Landrine,* 1 *McCart.* 291. The defendant asseverates that it is not he, but the complainant, who is in the wrong; that it is not he, but the complainant, who is guilty of the breach of covenant; and he not only declares his ability to carry out the contract on his part, but his desire that it may even now be performed. He asks protection (so far as it may be extended by requiring the complainant to pay into court the

money which he declares that he is holding for the purposes of this suit) against the complainant's refusal, whether from insincerity in the advancement and prosecution of the claim or otherwise, to perform the contract after specific performance by the defendant shall have been decreed. Under the circumstances it is the duty of the court to give it. The propriety of extending reasonable protection to the complainant, under such circumstances, is sometimes very manifest. In *Locander* v. *Lounsbery*, 9 *C. E. Gr.* 418 ; *S. C. on appeal*, 10 *C. E. Gr.* 554, this court, in order to relieve the defendant's property from the cloud of its decree for specific performance of an agreement which, after decree, the complainant himself refused to perform, struck the suit from the files; and the like course was taken, under like circumstances, in *Scott* v. *Shiner*, 12 *C. E. Gr.* 185. In the first of those cases the complainant, after decree, left the country. In the other, the complainant was resident abroad. In both cases the defendant was put to the expense of a litigation which if not merely experimental on the part of the complainant, resulted in clouding the defendant's title with a decree obtained by a complainant who himself refused to perform the contract. In the case before me the complainant is resident abroad. He is holding, as he says, for the purposes of this suit, the money which is payable on the delivery of the deed. He states his readiness to accept such title as the defendant may have, if the title of the latter be not perfect, and submits himself to the decision of this court as to his compensation in such case. The defendant tenders his deed in court. The latter is, under the circumstances, entitled to the order for which he asks. The complainant will be required to pay into court, in ten days after service upon him or his solicitor of a copy of the order to be entered on this decision, the $4,000 which, by the terms of the agreement, were to paid on the delivery of the deed, and in default of such payment the bill will be dismissed with costs. In the meantime the suit will be stayed.